IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

| | |
|---|---|
| ISSAC OUTEN; | : |
| TRACEY WRIGHT; | |
| KIALA OUTEN, INFANT, BY HER | : |
|  GUARDIAN AD LITEM, ISSAC OUTEN; | |
| And | : |
| ANIYAH OUTEN, INFANT, BY HER | |
|  GUARDIAN AD LITEM, ISSAC OUTEN, | : |
| | |
| Plaintiffs | : |
| | |
| vs. | : |
| | |
| OFFICE OF THE BERGEN COUNTY | : |
|  PROSECUTOR; | |
| OFFICE OF THE BERGEN COUNTY | : |
|  POLICE; | |
| BERGEN COUNTY POLICE OFFICER | : |
|  JAMES MULLEN, BADGE NUMBER: | |
|  225; | : |
| BERGEN COUNTY POLICE OFFICER | |
|  SHACK (Full Name Unknown); | : |
| OTHER AS-OF-YET-UNKNOWN | |
|  BERGEN COUNTY EMPLOYEES; | : |
| OTHER AS-OF-YET-UNKNOWN | |
|  INDIVIDUALS AT THE OFFICE OF | : |
|  THE BERGEN COUNTY POLICE; and | |
| OTHER AS-OF-YET UNKNOWN | : |
|  INDIVIDUALS AT THE OFFICE OF | |
|  THE BERGEN COUNTY PROSECUTOR | : |
| | |
| Defendants | : |

_____                    **JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiffs, Issac Outen, Tracey Wright, Kiala Outen, Infant by her Guardian Ad Litem,

Issac Outen, and Aniyah Outen, Infant, by her Guardian Ad Litem, Issac Outen, currently

residing at 555 Mount Prospect Avenue, in the City of Newark, County of Essex, and State of New Jersey, by way of Complaint against the Defendants, Office of the Bergen County Prosecutor, Office of the Bergen County Police, Bergen County Police Officer James Mullen, Badge Number: 225, Bergen County Police Officer Shack (Full Name Unknown), other as-of-yet-unknown Bergen County employees, other as-of-yet unknown individuals at the Office of the Bergen County Police, and other as-of-yet unknown individuals at the Office of the Bergen County Prosecutor, say:

## INTRODUCTION

1. On or about August 14, 2002, two Bergen County Police Officers, Defendants, Mullen and Shack, stopped a vehicle in which the Plaintiff, Issac Outen, was a rear seat passenger, traveling on Route 95 from the George Washington Bridge.  The driver, Mr. Rahman Reeds, allegedly had been driving excessively fast and erratically.  Mr. Mark Whitely, was a front right seat passenger in the vehicle.

2. After a search of the aforementioned motor vehicle, the Plaintiff, Issac Outen, together with Rahman Reeds and Mark Whitely, were charged with various criminal offenses including being in Possession of Heroin, and Possession of Heroin with the Intent to Distribute the same, and arrested.  There were no controlled dangerous substances or drug paraphernalia or any indicia of criminality found on the person of the Plaintiff, Issac Outen.

3. Thereafter, a Bergen County Grand Jury returned a criminal Indictment against the Plaintiff, Issac Outen, and his then two (2) CoDefendants, Rahman Reeds, and Mark

Whitely.

4. Thereafter, the Defendant, Office of the Bergen County Prosecutor, prosecuted the Plaintiff, Issac Outen, and his then two (2) CoDefendants, Rahman Reeds, and Mark Whitely, and on October 13, 2004, at the conclusion of a jury trial presided over by the Honorable John A. Conte, J.S.C., at the Bergen County Court House in Hackensack, New Jersey, the Plaintiff, Issac Outen, was found guilty by a Jury of one count of Possession of Heroin, a Third Degree Criminal offense, and one count of Possession of Heroin with Intent to Distribute the same, a Second Degree Criminal offense.

5. Thereafter, the Honorable John A. Conte, J.S.C., sentenced the Plaintiff, Issac Outen, to a term of imprisonment of ten (10) years New Jersey State Prison with a period of parole ineligibility of three and one-third (3⅓) years.

6. Thereafter, on or about July 20, 2005, a Notice of Appeal was filed on behalf of the Plaintiff, Issac Outen.

7. On August 14, 2007, the then Appellate Counsel for the Plaintiff, Isaac Outen, filed a Brief in support of the Appeal.  The State of New Jersey filed a responding Brief on January 14, 2008.

8. On September 29, 2008, the then Appellate Counsel for the Plaintiff, Isaac Outen, presented oral argument before the Appellate Division of the Superior Court of New Jersey.  In the meantime, on January 22, 2009, the New Jersey Supreme Court reversed the conviction of one of the Co-Defendants, Rahman Reeds, in the underlying criminal matter, and remanded his case to the Trial Court for a new trial.

9. On February 18, 2009, the Appellate Division of the Superior Court of New

Jersey in a unanimous 3-0 Decision reversed the convictions of the Plaintiff, Isaac Outen, and also remanded his criminal case to the Trial Court for a new trial. In rendering its February 18, 2009, Decision, the Appellate Division relied upon the January 22, 2009, Decision of the New Jersey Supreme Court of the Co-Defendant, Rahman Reeds.

10. In reversing the convictions of the Plaintiff, Isaac Outen, the Appellate Court held that during the 2004 Jury Trial of the Plaintiff, Isaac Outen, and his then two (2) Co-Defendants, the Defendant, Office of the Bergen County Prosecutor, improperly offered "constructive–possession" testimony from a purported expert for the State of New Jersey that at the time of the arrest of the Plaintiff, Isaac Outen, in the underlying criminal matter, the Plaintiff, Isaac Outen, and his then two (2) co-defendants, were in possession of the aforementioned Heroin with the intent to distribute the same.

11. Thereafter, on remand for retrial of the underlying criminal matter, Bergen County Indictment Number: 02-12-2827-I, the Defendant, Office of the Bergen County Prosecutor, admitted for the first time to the Court, the Honorable Eugene H. Austin, J.S.C., that the Defendant, Issac Outen, had no "proprietary, possessory, or participatory" interest in the controlled dangerous substances that were allegedly seized during the search of the motor vehicle in which the Plaintiff, Issac Outen, was a passenger on August 14, 2002.

12. On January 8, 2010, the Defendant, Office of the Bergen County Prosecutor, applied to the Court, the Honorable Eugene H. Austin, J.S.C., to dismiss the aforesaid Bergen County Indictment Number: 02-12-2827-I, against the Defendant, Issac Outen.

13. On January 13, 2010, the Honorable Eugene H. Austin, J.S.C., signed a Judgment Of Dismissal as to the Plaintiff, Issac Outen, dismissing the Bergen County Indictment Number:

02-12-2827-I.

14. The Plaintiff, Issac Outen, was imprisoned for more than 3 years and 4 months on his said ten (10) year New Jersey State Prison sentence

## JURISDICTION AND VENUE

15. This action is brought pursuant to 42 **U.S.C.** Section 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United State Constitution.

16. This Court has jurisdiction pursuant to 28 **U.S.C.** Sections 1331, 1367.  Venue is proper under 28 **U.S.C.** Section 1391 (b).  All of the parties reside in this judicial district, and all the events giving rise to the claims asserted herein occurred in this judicial district.

## THE PARTIES

17. The Plaintiff, Issac Outen, is thirty-seven (37) years of age having been born on September 7, 1974.  At the time of his arrest on August 14, 2002, the Plaintiff, Isaac Outen, was twenty-seven (27) years of age.

18. The Plaintiff, Tracey Wright, is thirty-four (34) years of age having born on July 9, 1977, and she is the wife of the Plaintiff, Issac Outen.

19. The Plaintiff, Kiala Outen, is ten (10) years of age having born on February 16, 2001, and she is a daughter of the Plaintiff, Issac Outen.

20. The Plaintiff, Aniyah Outen, is seven (7) years of age having been born on June 30, 2005, and she is a daughter of the Plaintiff, Issac Outen.

21. At all times relevant herein, the Defendant, Office of the Bergen County Prosecutor, is a public entity located at the Bergen County Court House, 10 Main Street, Second Floor, Hackensack, New Jersey 07601.

22. At all times relevant herein, the Defendant, Office of the Bergen County Police, is a public entity located at 66 Zabriskie Street, Hackensack, New Jersey 07601, County of Bergen.

23. At all times relevant herein, the Defendant, Officer James Mullen, Badge Number: 225, was a public employee employed by the Defendant, Office of the Bergen County Police, at 66 Zabriskie Street, Hackensack, New Jersey 07601, County of Bergen.

24. At all times relevant herein, the Defendant, Officer Shack (full name unknown), was a public employee employed by the Defendant, Office of the Bergen County Police, at 66 Zabriskie Street, Hackensack, New Jersey 07601, County of Bergen.

25. All of the foregoing non-public entity Defendants are sued in their individual capacities, and all acted under color of law and in the scope of their employment in engaging in the actions alleged in this Complaint.

## BACKGROUND ALLEGATIONS

26. On remand for retrial, the Defendant, Office of the Bergen County Prosecutor, acknowledged that the Defendant, Issac Outen, had no "proprietary, possessory, or participatory" interest in the controlled dangerous substances that were allegedly seized during the search of the

motor vehicle in which the Claimant, Issac Outen, was a passenger on August 14, 2002.

24. On January 8, 2010, the Defendant, Office of the Bergen County Prosecutor, applied to the Court, the Honorable Eugene H. Austin, J.S.C., to dismiss as to the within Plaintiff, Issac Outen, all of the criminal charges contained in the underlying Bergen County Indictment Number: 02-12-2827-I. On January 8, 2010, Judge Austin granted the motion by the Defendant, Bergen County Prosecutor.

25. On January 13, 2010, the Honorable Eugene H. Austin, J.S.C., signed a "Judgment Of Dismissal" as to the Plaintiff, Issac Outen, dismissing the Bergen County Indictment Number: 02-12-2827-I.

26. As the result of his fraudulently obtained criminal convictions under Bergen County Indictment Number: 02-12-2827-I, the Plaintiff, Issac Outen, was sentenced to an aggregate prison sentence of ten (10) years New Jersey State Prison, and was imprisoned in the New Jersey State Prison system for more than 3 years and 4 months before being released into parole.

27. The Plaintiff, Issac Outen, is married to Plaintiff, Tracey Wright, date of birth: July 9, 1977, and has two (2) minor children, Plaintiffs, Kiala Outen, age ten (10) years, date of birth: February 16, 2001, and Aniyah Outen, age seven (7) years, date of birth: June 30, 2005.

**DEFENDANTS' MISCONDUCDT**

28. The individual Defendants, Mullen and Shack, and the public entity Defendants, Office of the Bergen County Prosecutor, and the Office of the Bergen County Police, and other

as-of-yet unknown entities, acted with deliberate and callous indifference to the arrest, preparation of the criminal complaints, and in presentation of the underlying criminal matter to the Bergen County Grand Jury resulting in the return against the Plaintiff, Issac Outen, and his then two (2) CoDefendants, of the underlying Bergen County Indictment Number: 02-12-2827-I, the prosecution of same, the obtaining of criminal convictions against the Plaintiff, Issac Outen, and the imposition of the ten (10) year prison sentence against the Plaintiff, Issac Outen.

29. The individual Defendants, Mullen and Shack, and the public entity Defendants, Office of the Bergen County Prosecutor, and the Office of the Bergen County Police, and other as-of-yet unknown entities, acted with deliberate and callous indifference to the loss of liberty by the Plaintiff, Issac Outen, by failing to admit until January 8, 2010, that all of the criminal charges against the Plaintiff, Issac Outen, as contained in Bergen County Indictment Number: 02-12-2827-I, should be dismissed because the Plaintiff, Issac Outen, had no "proprietary, possessory, or participatory" interest in the controlled dangerous substances that were allegedly seized during the search of the motor vehicle in which the Plaintiff, Issac Outen, was a passenger on August 14, 2002.

30. The individual Defendants, Mullen and Shack, and the public entity Defendants, Office of the Bergen County Prosecutor, and the Office of the Bergen County Police, and other as-of-yet unknown entities acted with deliberate and callous indifference to the Constitutional rights afforded the Plaintiff, Issac Outen, in fraudulently prosecuting the Plaintiff, Issac Outen, as aforesaid, causing the Plaintiff, Tracey Wright, to become estranged and alienated from her husband, the Plaintiff, Issac Outen.

31. The individual Defendants, Mullen and Shack, and the public entity Defendants,

Office of the Bergen County Prosecutor, and the Office of the Bergen County Police, and other as-of-yet unknown entities acted with deliberate and callous indifference to the Constitutional rights afforded the Plaintiff, Issac Outen, in fraudulently prosecuting the Plaintiff, Issac Outen, as aforesaid, causing the infant Plaintiff, Kiala Outen, to become estranged and alienated from her father, the Plaintiff, Issac Outen.

32. The individual Defendants, Mullen and Shack, and the public entity Defendants, Office of the Bergen County Prosecutor, and the Office of the Bergen County Police, and other as-of-yet unknown entities acted with deliberate and callous indifference to the Constitutional rights afforded the Plaintiff, Issac Outen, in fraudulently prosecuting the Plaintiff, Issac Outen, as aforesaid, causing the infant Plaintiff, Aniyah Outen, to become estranged and alienated from her father, the Plaintiff, Issac Outen.

## PLAINTIFFS' DAMAGES

33. The aforesaid acts of misconduct by the Defendants caused the Plaintiff, Issac Outen, to endure imprisonment in the New Jersey State Prison system on a ten (10) year prison sentence for more than three (3) years and four (4) months before being released into parole, during which time the Plaintiff, Issac Outen, became estranged and alienated from his wife, the Plaintiff, Tracey Wright, and his two (2) infant children, Kiala Outen, and Aniyah Outen, other family members, friends, and acquaintances.

34. The aforesaid acts of misconduct by the Defendants caused the Plaintiff, Issac Outen, to unnecessarily endure unbearable emotional and physical pain, depression, and other

illnesses brought on by his said underlying criminal convictions and imprisonment as aforesaid, and to cause irreparable estrangement and alienation from his wife, the Plaintiff, Tracey Wright, and his two (2) children, the minor Plaintiffs, Kiala Outen, and Aniyah Outen, and to unnecessarily undergo prolonged psychiatric counseling and therapy as the result of the said criminal convictions and imprisonment that will necessitate further psychiatric and medical treatment, and which illnesses have affected his ability to obtain and maintain gainful employment, and have caused him great pain and suffering, incapacitated him from pursuing his usual activities, and have left him with permanent disabilities that will in the future similarly incapacitate him from pursuing his usual activities, employment, and family relationships, cause him pain and suffering, and require psychiatric and medical treatment.

## COUNT 1 – 42 U.S.C. SECTION 1983

### Punitive Damages

35. Each of the Paragraphs of this Complaint is incorporated as if restated herein.

36. As described more fully above, all of the Defendants, while acting individually, jointly, and in conspiracy, as well as under color of law and within the scope of their employment, deprived the Plaintiff, Issac Outen, of his constitutional rights afforded him under the United States Constitution and under the State of New Jersey Constitution as to the assurance of a fair trial, his right to liberty and justice and to due process of law, his right against cruel and unusual punishment, and other constitutionally protected rights.

37. The misconduct described in this Count was objectively unreasonable and was

undertaken intentionally with willful indifference to the constitutional rights afforded the Plaintiff, Issac Outen.

### COUNT II - - 42 U.S.C. SECTION 1983

### Failure to Intervene

38. Each of the Paragraphs of this Complaint is incorporated as if restated herein.

39. In the manner described above, during the constitutional violations described above, one or more of the Defendants (and other as-yet-unknown entities) failed to intervene to prevent the misconduct.

40. As a result of the failure on the part of the said Defendant(s) to intervene to prevent the said violations of the said constitutional rights , the Plaintiff, Issac Outen, suffered pain and injury, as well as emotional distress requiring psychiatric counseling and treatment. These Defendants had a reasonable opportunity to prevent this harm, but failed to do.

### COUNT III - - 42 U.S.C. SECTION 1983

### Failure to Timely Terminate

41. Each of the Paragraphs of this Complaint is incorporated as if restated herein.

42. In the manner described above, during the constitutional violations described above, the Defendants (and other as-yet-unknown individuals) failed to timely terminate the fraudulent prosecution of the Plaintiff, Issac Outen.

43. As a result of the failure on the part of the Defendants to timely terminate the fraudulent prosecution of the Plaintiff, Issac Outen, as aforesaid, the Plaintiff, Issac Outen,

suffered emotional distress, depression, and anxiety, estrangement and alienation from his wife, the Plaintiff, Tracey Wright, and from his children, the two (2) minor Plaintiffs, Kiala Outen, and Aniyah Outen, other family members, friends, and acquaintances, as aforesaid, and loss of employment and financial distress for both himself and for his wife Plaintiff, Tracey Wright, and for his children, the two (2) minor Plaintiffs, Kiala Outen, and Aniyah Outen, and the loss of consortium and of the usual services of his wife, the Plaintiff, Tracey Wright. The Defendants had a reasonable opportunity to prevent and/or mitigate this harm, but failed to do.

44. As a result of the failure on the part of the Defendants to timely terminate the fraudulent prosecution of the Plaintiff, Issac Outen, as aforesaid, the Plaintiff, Tracey Wright, suffered emotional distress, depression, and anxiety, estrangement and alienation from her husband, other family members, friends, and acquaintances, and financial distress from loss of employment by her husband, the Plaintiff, Issac Outen, and the loss of consortium and of the usual services from her husband, the Plaintiff, Issac Outen. The Defendants had a reasonable opportunity to prevent and/or mitigate this harm, but failed to do.

45. As a result of the failure on the part of the Defendants to timely terminate the fraudulent prosecution of the Plaintiff, Issac Outen, as aforesaid, the two (2) minor Plaintiffs, Kiala Outen, and Aniyah Outen, suffered emotional distress, depression, and anxiety, estrangement and alienation from their father, the Plaintiff, Issac Outen, other family members, friends, and acquaintances, and financial distress from the loss of employment by their father, the Plaintiff, Issac Outen.  The Defendants had a reasonable opportunity to prevent and/or mitigate this harm, but failed to do.

## COUNT IV - - STATE LAW CLAIM

46. Each of the Paragraphs of this Complaint is incorporated as if restated herein.

47. The acts and conduct of the Defendants as set forth above were extreme and outrageous. The Defendants intended to cause, or were in reckless disregard of the probability that their conduct would cause severe emotional distress, depression, anxiety, estrangement, alienation, financial distress, and other losses as set forth hereinabove, to both the Plaintiff, Issac Outen, and his family members, in particular, his wife, Plaintiff, Tracey Wright, and his two (2) minor children, Plaintiffs, Kiala Outen, and Aniyah Outen, as is more fully alleged above.

48. Said actions and conduct did directly and proximately cause severe emotional distress to all the Plaintiffs, and severe permanent and painful injuries to the Plaintiff, Issac Outen, and thereby constituted intentional infliction of emotional distress to all the Plaintiffs, and constituted intentional infliction of severe permanent and painful injuries to all the Plaintiffs, as well as depression, anxiety, estrangement, alienation, financial distress, and other losses as set forth hereinabove as to all the Plaintiffs.

49. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

50. As a proximate result of the wrongful acts of the Defendants, the Plaintiffs suffered damages, including severe emotional distress and anguish, and severe permanent and painful injuries, depression, estrangement, and alienation, financial losses, and other losses as is more fully alleged above.

## COUNT V - - STATE LAW CLAIM

### Indemnification

51. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

52. New Jersey Law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

53. The individual Defendants are or were employees of the County of Bergen, State of New Jersey, who acted within the scope of their employment in committing the misconduct described herein.

**WHEREFORE,** Plaintiffs respectfully request that this Court enter Judgment in their favor and against the Defendants, awarding compensatory, costs, and Attorney's fees, along with punitive damages against each of the individual Defendants in their individual capacities, as well as any other relief this Court deems appropriate.

### JURY DEMAND

Plaintiffs, Issac Outen, Tracey Wright, Kiala Outen, and Aniyah Outen, hereby demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

**RESPECTFULLY SUBMITTED:**

**DATED:  January 4, 2012**         **  /s/ John P. Pieroni                        **
                                    **JOHN P. PIERONI, ESQ.**
                                    **Attorney for Plaintiffs**


**JOHN P. PIERONI, ESQ.**
**54 North Taylor Street**
**Bergenfield, New Jersey 07621**
**(201) 387-9505**
**Attorney for Plaintiffs**