<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OUTEN, et al., | Hon. Faith S. Hochberg, U.S.D.J. |
| Plaintiffs, | |
| | Civil Case No. 12-123 (FSH) (JBC) |
| v. | |
| | **OPINION & ORDER** |
| OFFICE OF THE BERGEN COUNTY PROSECUTOR, et al., | October 16, 2013 |
| Defendants. | |

<u>**HOCHBERG, District Judge:**</u>

This matter comes before the Court upon Defendant Office of the Bergen County Prosecutor's Motion for Summary Judgment [Docket No. 25] pursuant to Fed. R. Civ. P. 56(c). The Court has considered the submissions of the parties without oral argument pursuant to Fed. R. Civ. P. 78.

**I. BACKGROUND**

Plaintiffs, Issac Outen ("Outen"), his girlfriend Tracey Wright, and his children Kiala Outen and Aniyah Outen, brought this action against the Office of the Bergen County Prosecutor ("Prosecutor's Office), Office of the Bergen County Police, and several police officers individually, claiming violations of their civil rights arising out of Outen's prosecution for possession of heroin with intent to distribute. The only claim Plaintiffs allege against the Prosecutor's Office is a malicious prosecution claim pursuant to 42 U.S.C. § 1983, which

purportedly occurred when prosecutors took a position during a suppression hearing that allegedly contradicted their position at trial. Specifically, the Prosecutor's Office argued at the suppression hearing that Outen had no standing to challenge the constitutionality of a drug seizure because he had no possessory interest in the car or the property seized. Outen claims this fact – his lack of a possessory interest – was exculpatory; that it should have been disclosed to the grand jury; and that the failure of the Prosecutor's Office to do so violated his civil rights.

In contesting this motion for summary judgment, Plaintiffs failed to file a responsive L.Civ.R. 56.1 Statement of Material Facts Not in Dispute with their opposition, despite having been warned of the consequences by the Court on May 31, 2013 [Docket No. 38], and having received additional time to do so. The Court will therefore deem the facts in Defendants' Rule 56.1 statement as admitted, unless controverted in Plaintiffs' brief or contradicted by the evidence. *See Longoria v. New Jersey*, 168 F. Supp. 2d 308, 312 n.1 (D.N.J. 2001).

On August 14, 2002, police stopped the vehicle that Outen was traveling in, along with two other occupants, Rahman Reeds and Mark Whitely. Outen was sitting in the rear seat of the vehicle. After a search, police officers allegedly recovered sixteen bricks of heroin from the car and arrested all three men. None of the occupants owned the vehicle; it belonged to Reed's girlfriend. The three defendants were indicted by a grand jury for third-degree possession of a controlled dangerous substance and second-degree possession of heroin with the intent to distribute. Although a jury convicted Outen after a trial in April 2005, his conviction was overturned by the Appellate Division on February 18, 2009, and remanded for a new trial. The Appellate Division found that the State's expert witness improperly invaded the province of the jury by opining on constructive possession. By the time the conviction was reversed, Outen had already been released from prison, having served forty months.

On remand, Outen filed a Motion to Suppress the evidence seized, including the controlled substances recovered from the vehicle in which Outen had been a passenger.  In the State's brief in opposition to that motion, the Prosecutor's Office argued that Outen lacked standing to assert that the police search was unconstitutional because he did not have a "proprietary, possessory, or participatory interest in either the place searched or the property seized." Ultimately, the Prosecutor's Office did not retry Outen, and instead obtained a Judgment of Dismissal from the Court on January 13, 2010.

Almost two years later, on January 8, 2012, Outen, his girlfriend, and his children filed the Complaint.  As against the Prosecutor's Office, Outen alleges that prosecutors failed to introduce exculpatory evidence to the grand jury indicating that he had no proprietary, possessory or participatory interest in the seized substances, as argued in the suppression brief submitted to the criminal court after remand.  Plaintiffs contend that this indicates malicious prosecution.  The Prosecutor's Office moved for summary judgment on March 3, 2013.

## II.  STANDARD

Pursuant to Fed. R. Civ. P. 56(c), a motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  See *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).  In other words, "[s]ummary judgment may be granted only if there exists no genuine issue of material fact that would permit a reasonable jury to find for the nonmoving party."  *Miller v. Indiana Hosp*., 843 F.2d 139, 143 (3d Cir. 1988).  All facts and inferences must be construed in the light most

favorable to the non-moving party. *Peters v. Del. River Port Auth.*, 16 F.3d 1346, 1349 (3d Cir. 1994). The judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. "Consequently, the court must ask whether, on the summary judgment record, reasonable jurors could find facts that demonstrated, by a preponderance of the evidence, that the nonmoving party is entitled to a verdict." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 860 (3d Cir. 1990).

The party seeking summary judgment always bears the initial burden of production. *Celotex*, 477 U.S. at 323. This burden requires the moving party to establish either that there is no genuine issue of material fact and that the moving party must prevail as a matter of law, or demonstrate that the nonmoving party has not shown the requisite facts relating to an essential element of an issue on which it bears the burden. *Id.* at 322-23. Once the party seeking summary judgment has carried this initial burden, the burden shifts to the nonmoving party.

To avoid summary judgment, the nonmoving party must then demonstrate facts supporting each element for which it bears the burden, and it must establish the existence of a "genuine issue of material fact" justifying trial. *Miller*, 843 F.2d at 143; accord *Celotex*, 477 U.S. at 324. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id.* at 587 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.,* 391 U.S. 253, 289 (1968)). Further, summary judgment may be granted if the nonmoving party's "evidence is merely colorable or is not significantly probative." *Anderson*, 477 U.S. at 249-50 (citations omitted).

### III. DISCUSSION

Plaintiffs assert a cause of action against the Prosecutor's Office pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255–56 (3d Cir. 1994). A plaintiff may bring a malicious prosecution claim under section 1983, contending that a state official deprived him of procedural due process rights protected by the Constitution. *Torres v. McLaughlin*, 163 F.3d 169, 174 (3d Cir. 1998).

Defendant Bergen County Prosecutor's Office has raised Eleventh Amendment immunity against Plaintiffs' malicious prosecution claim.[1] The Eleventh Amendment is a jurisdictional bar that deprives federal courts of subject matter jurisdiction. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996). It states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Under the Eleventh Amendment, "an unconsenting

---

[1] Defendant also raises a number of other defenses, including failure to state a cause of action and that the Prosecutor's Office is not a "person" subject to liability under § 1983. Because the Court grants Defendant's Motion for Summary Judgment based on Eleventh Amendment immunity, the Court need not consider any other defenses.

State is immune from suits brought in federal courts by her own citizens ….." *Edelman v. Jordan,* 415 U.S. 651, 663 (1974). It protects states and their agencies and departments from suit in federal court regardless of the type of relief sought.[2] *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Section 1983 does not override a state's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332 (1979).

"[C]ounties, Municipalities and political subdivisions of a state are not protected by the Eleventh Amendment" unless the entity is an arm of the State, such that the State is the real party in interest. *Febres v. Camden Bd. of Educ.,* 445 F.3d 227, 229 (3d Cir. 2006); *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997) (immunity applies to state entities and officials if "the state is the real, substantial party in interest."). Consequently, private parties are barred from seeking to impose liability against a state agency if the judgment must be paid from public funds in a state treasury. *See Edelman v. Jordan*, 415 U.S. 651, 663 (1974).

To determine whether Eleventh Amendment immunity applies to a state agency, a court must consider three factors: (1) the source of the agency's funding—i.e., whether payment of any judgment would come from the state's treasury; (2) the status of the agency under state law; and (3) the degree of autonomy from state regulation. *See Fitchik v. New Jersey Transit Rail Operations*, 873 F.2d 655, 659 (3d Cir. 1989) (en banc), *cert. denied*, 493 U.S. 850 (1989). In *Coleman v. Kaye*, 87 F.3d 1491 (3d Cir. 1996) (abrogated on other grounds), the Third Circuit considered all of these factors in the context of a New Jersey county prosecutor's office and recognized that county prosecutorial offices conduct two distinct sets of functions: (1) the administrative functions of operating their offices; and (2) the classic law enforcement and

---

[2] There are three "narrowly circumscribed exceptions to Eleventh Amendment immunity: (1) abrogation by Act of Congress, (2) waiver by state consent to suit; and (3) suits against individual state officials for prospective relief to remedy an ongoing violation of federal law." *M.A. ex rel. E.S. v. State–Operated Sch. Dist. of Newark*, 344 F.3d 335, 345 (3d. Cir. 2003) (citing *MCI Telecomm. Corp. v. Bell Atlantic-Pennsylvania*, 271 F.3d 491, 503 (3d Cir. 2001)). Plaintiff does not submit that any exception applies here.

investigative functions for which they are chiefly responsible. The *Coleman* Court concluded that "when [New Jersey county] prosecutors engage in classic law enforcement and investigative functions, they act as officers of the state." *Id.* at 1505. Thus, to the extent the alleged conduct derives from policy decisions that require legal knowledge and discretion related to prosecutorial functions, the State is the real party in interest and immunity attaches. *See Hyatt v. County of Passaic*, 340 F. App'x 833, 836-37 (3d Cir. 2009). On the other hand, immunity does not attach where a plaintiff alleges harm arising from the performance of "administrative tasks unrelated to their strictly prosecutorial functions, such as ... personnel decisions." *Coleman*, 87 F.3d at 1499.

      Here, Plaintiffs only contention against the Prosecutor's Office is that "Defendant, Office of the Bergen County Prosecutor, chose to prosecute the Plaintiff, Issac Outen, in spite of its belated admission that the Plaintiff, Issac Outen had no 'proprietary, possessory, or participatory interest of the controlled dangerous substances that were allegedly seized during the search of the motor vehicle.'" (Pls.' Br. in Oppn. to Mot. for Summ. J. 10). Plaintiffs thus challenge prosecutorial actions in connection with Outen's arrest and subsequent court appearances. The Prosecutor's Office's position regarding Outen's possessory interest in the seized drugs at the suppression hearing directly relates to a prosecutor's classic law enforcement functions. *See Moore v. Middlesex Cnty. Prosecutor's Office*, Civ. No. 11-3879, 2012 WL 1716092, *9 (D.N.J. May 10, 2012) *aff'd sub nom.*, 503 F. App'x 108 (3d Cir. 2012) (finding failure to disclose allegedly exculpatory evidence is intimately related to the judicial phase, and is thus an inherently prosecutorial function). Plaintiffs do not contest that these actions were inherently law enforcement decisions, subject to immunity. Nor have they cited any legal authority suggesting that immunity does not cover the Prosecutor's Office. Accordingly, summary

judgment is granted with respect to the claims under 42 U.S.C. § 1983 against the Bergen County Prosecutor's Office.[3]

## IV.  CONCLUSION & ORDER

IT IS, on this 16th day of October 2013, hereby **ORDERED** that Defendant Office of the Bergen County Prosecutor's Motion for Summary Judgment [Docket No. 25] is **GRANTED.**

**IT IS SO ORDERED**.

s/ **Faith S. Hochberg**
**Hon. Faith S. Hochberg U.S.D.J.**

---

[3] Although the Complaint lists two unspecified "State Law Claims," they do not appear to have been asserted against the Prosecutor's Office.  In any event, Plaintiffs failed to defend these claims in opposition to Defendant's motion for summary judgment, and therefore, such arguments are waived.  *Curtis v. Treloar*, No. 96-1239 1998 WL 1110448 (D.N.J. Aug. 27, 1998) aff'd, 189 F.3d 463  (3d Cir. 1999) ("plaintiffs appear to have abandoned that claim, as they have failed to offer any argument or evidence on that claim in opposition to defendants' motion for summary judgment.").  To the extent these "State Law Claims" refer to a claim of malicious prosecution under New Jersey state law, the Eleventh Amendment would bar these as well.  *See Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 106 (1984).  ("A federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law. On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law.")