NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ISSAC OUTEN, et al., | Hon. Faith S. Hochberg, U.S.D.J. |
| Plaintiffs, | |
| | Civil Case No. 12-123 (FSH) (JBC) |
| v. | |
| | **OPINION** |
| OFFICE OF THE BERGEN COUNTY PROSECUTOR, et al., | November 14, 2013 |
| Defendants. | |

**HOCHBERG, District Judge:**

This matter comes before the Court upon a Motion for Summary Judgment [Docket No. 26] pursuant to Fed. R. Civ. P. 56(c) by Defendants, the Office of the Bergen County Police and Police Officer James Mullen. The Court has considered the submissions of the parties without oral argument pursuant to Fed. R. Civ. P. 78.

**I. INTRODUCTION**

This malicious prosecution action, asserted pursuant to 42 U.S.C. § 1983, arises out of Plaintiff Issac Outen's ("Outen") prosecution in New Jersey State Court for possession of sixteen bricks of heroin with intent to distribute, for which he served three years and four months before being released on parole. His sole allegation against Defendants, Office of the Bergen County

1

Police ("Police Department") and Officer James Mullen,[1] is that Defendants purportedly failed to offer exculpatory evidence to the grand jury. This evidence is not specifically described. Instead, Outen argues that the Court should infer that such evidence exists based on an argument made by the prosecutor during a suppression hearing. The prosecutor argued that Outen did not have standing to raise a Fourth Amendment seizure violation because he failed to demonstrate a "proprietary, possessory or participatory interest" in the seized drugs or the place searched. Plaintiff contends this fact - his lack of a possessory interest - was exculpatory; that it should have been disclosed to the grand jury; and that Defendants' failure to do so violated his constitutional rights. He, his girlfriend Tracey Wright, and his children, Kiala Outen and Aniyah Outen (collectively "Plaintiffs"), brought this action to recover: (1) damages from his three year imprisonment; (2) the wages Outen would have allegedly earned during this time; (3) the emotional distress Outen suffered as a result of his imprisonment; and (4) the damages his family suffered during his imprisonment.[2]

---

[1] Between Plaintiffs' and Defendants' briefs and certifications, several different versions are provided for each individual's name. This officer is variously referred to as "Mullen,' 'Millin' and 'Mullin.' The other police officer on the scene is named either 'Schachdt,' 'Shack' or 'Schacht.' The driver of the car is called 'Rahman' and 'Rahmann.' Plaintiff Outen's brother, the other occupant in the car, is called 'Mark Whitely,' 'Whitley' and 'Whitney.' In the absence of clarification by the parties, the Court will refer to these individuals as "Officer James Mullen," "Officer Marcel Schachdt," "Rahman Reeds" and "Mark Whitely," consistent with the information entered on the docket by the Clerk's Office.

[2] The parties have not discussed whether Plaintiffs claim any redressable injury under § 1983. Plaintiffs appear to assert that Outen was deprived of a due process right or "liberty interest" to be imprisoned only upon probable cause. (Compl. ¶ 29). The Supreme Court has held that a § 1983 malicious prosecution claim premised on a "liberty interest" in being prosecuted only upon probable cause is not actionable. *Albright v. Oliver*, 510 U.S. 266, 269-75 (1994). Because Plaintiffs' have argued in opposition that they have established the elements of a Fourth Amendment malicious prosecution claim, and because Plaintiffs do not base their claim on procedural due process or allege they were denied notice or an opportunity to be heard, Plaintiffs' malicious prosecution claim will be analyzed under the Fourth Amendment. See *Hassoun v. Cimmino*, 126 F. Supp. 2d 353, 363 n.13 & n.14 (D.N.J. 2000); *Varriale v. Borough of Montvale*, Civ. No. 04-199, 2006 WL 1806411, *5 (D.N.J. June 29, 2006). Following *Albright,* the Third Circuit held that a plaintiff's malicious prosecution claim analyzed under the Fourth Amendment can only address pre-trial damages, not injury after trial, such as imprisonment. *Donahue v. Gavin*, 280 F.3d 371, 380, 82 (3d Cir. 2002) (granting summary judgment to defendants where only damages sought stemmed from post-trial incarceration as not actionable under a Fourth Amendment malicious prosecution theory). Although the parties did not address whether Plaintiffs seek impermissible relief under § 1983, as construed under either the Fourth

## II. BACKGROUND

In contesting this motion for summary judgment, Plaintiffs failed to file a responsive L.Civ.R. 56.1 Statement of Material Facts Not in Dispute with their opposition, despite having been warned of the consequences by the Court on May 31, 2013, and having received additional time to do so. [Docket No. 38]. ("Plaintiffs are put on notice that failure to strictly comply with Local Civil Rule 56.1 could result in Defendants' facts being deemed admitted by this Court"). The Court will therefore deem the facts in Defendants' Rule 56.1 statement as admitted, unless controverted in Plaintiffs' brief or contradicted by the evidence. *See Longoria v. New Jersey*, 168 F. Supp. 2d 308, 312 n.1 (D.N.J. 2001) (citing *Hill v. Algor*, 85 F.Supp.2d 391, 408 n.26 (D.N.J. 2000); *SEC v. Chester Holdings Ltd.*, 41 F.Supp.2d 505, 516 n.7 (D.N.J. 1999)).

a. Factual History

On August 14, 2002, police stopped the vehicle that Outen was traveling in, along with two other occupants, Rahman Reeds and Mark Whitely. None of the occupants owned the vehicle, a gray Mazda, which belonged to Reeds' girlfriend. The three occupants had been in New York City and, having taken the George Washington Bridge, were passing through Bergen County on Interstate 95. On the highway, Reeds, the driver, crossed three lanes of traffic and, shortly thereafter, was pulled over by Officer James Mullen. Officer Marcel Schachdt acted as a backup police officer. Upon approaching the vehicle, Officer Mullen allegedly smelled burning marijuana and saw a burnt joint on the center console, as well as an open bottle of beer. The

---

Amendment or the Fourteenth Amendment, Defendants are entitled to judgment as a matter of law based on the existence of probable cause.

officer instructed the two front-seat occupants to step out of the car, while Outen remained seated in the rear of the vehicle. After the passenger exited the vehicle, Officer Mullen saw bundled wax paper glassine envelopes on the floor of the front seat. It is undisputed that these packages contained heroin. In total, Officer Mullen recovered sixteen bricks of heroin, with 798 individual packages or "folds," as well as three bags of marijuana. Upon discovering these illegal substances, Officer Mullen told Outen to exit the vehicle, where he was then handcuffed. Outen admits he identified himself using a false name, Dwane Coleman, because he had an outstanding warrant.

All three occupants were arrested and, on December 2, 2002, were indicted by a Bergen County Grand Jury, indictment number 02-12-2827-I, for third-degree possession of a controlled dangerous substance and second-degree possession of a controlled substance with the intent to distribute. Outen and Reeds were tried together in New Jersey Superior Court before Judge John Conte, and the jury convicted both men of possession with the intent to distribute on October 13, 2004. Both Defendants then appealed. In August 2008, while Outen's appeal was pending, he was granted parole, having served three years and four months of a ten year term of imprisonment.

b. Procedural History

On January 22, 2009, Reeds conviction was reversed by the New Jersey Supreme Court. *State v. Reeds*, 197 N.J. 280 (2009). The Court found that the State's expert witness at trial exceeded permissible limits by opining that all three defendants had constructive possession of the seized heroin, invading the province of the jury. *Id.* at 284-85. Relying on the *Reeds* decision, the New Jersey Appellate Division overturned Outen's conviction on February 19,

4

2009, remanding the matter for a new trial. Before the new trial began, Outen moved to suppress evidence, including the seized heroin. The prosecutor submitted a brief in opposition, taking the position that Outen lacked standing to allege an unconstitutional search and seizure to justify suppressing the evidence because he had failed to demonstrate that he owned the car which was searched, and because he had denied ownership of the drugs: "Outen lacks a proprietary, possessory or a parcipatory interest in the drugs that were seized . . . [and] defendant has not claimed a possessory interest in the vehicle or the drugs. Consequently, he lacks the requisite standing, and therefore, his motion to suppress the physical evidence seized from the vehicle should not be granted." Before this motion was resolved, the Prosecutor's Office moved to dismiss the indictment against Outen, and on January 8, 2010, a Judgment of Dismissal was granted. Two years later, on January 8, 2012, Plaintiffs filed the Complaint. The only wrong Plaintiffs allege against the Police Department and Officer Mullen is that Defendants purportedly initiated a proceeding against Outen without probable cause and failed to introduce exculpatory evidence indicating that he had "no proprietary, possessory or participatory interest" in the seized substances.

## III. STANDARD

Pursuant to Fed. R. Civ. P. 56(c), a motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). In other words,

5

"[s]ummary judgment may be granted only if there exists no genuine issue of material fact that would permit a reasonable jury to find for the nonmoving party." *Miller v. Indiana Hosp.*, 843 F.2d 139, 143 (3d Cir. 1988). All facts and inferences must be construed in the light most favorable to the non-moving party. *Peters v. Del. River Port Auth.*, 16 F.3d 1346, 1349 (3d Cir. 1994). The judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. "Consequently, the court must ask whether, on the summary judgment record, reasonable jurors could find facts that demonstrated, by a preponderance of the evidence, that the nonmoving party is entitled to a verdict." *In re Paoli R.R. Yard PCB Litig.,* 916 F.2d 829, 860 (3d Cir. 1990).

The party seeking summary judgment always bears the initial burden of production. *Celotex*, 477 U.S. at 323. This burden requires the moving party to establish either that there is no genuine issue of material fact and that the moving party must prevail as a matter of law, or demonstrate that the nonmoving party has not shown the requisite facts relating to an essential element of an issue on which it bears the burden. *Id.* at 322-23. Once the party seeking summary judgment has carried this initial burden, the burden shifts to the nonmoving party.

To avoid summary judgment, the nonmoving party must then demonstrate facts supporting each element for which it bears the burden, and it must establish the existence of a "genuine issue of material fact" justifying trial. *Miller*, 843 F.2d at 143; accord *Celotex*, 477 U.S. at 324. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to material the facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id.* at 587 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)). Further, summary

judgment may be granted if the nonmoving party's "evidence is merely colorable or is not significantly probative." *Anderson*, 477 U.S. at 249-50 (citations omitted). The non-moving party must set out specific facts showing a genuine issue for trial using affidavits or as otherwise provided in Fed. R. Civ. P. 56(e) and L.Civ.R. 56.1, which provides that a summary judgment opponent "shall furnish, with its opposition papers, a responsive statement of material facts, addressing each paragraph of the movant's statement, indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to the affidavits and other documents submitted in connection with the motion."

## IV. DISCUSSION

Under the Fourth Amendment, a malicious prosecution claim requires proof "that: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Johnson v. Knorr,* 477 F.3d 75, 81-82 (3d Cir. 2007). An essential element of Plaintiffs' claim is a lack of probable cause. *Wright v. City of Phila.*, 409 F.3d 595, 604 (3d Cir. 2005). Thus, the "existence of probable cause is an absolute defense to a malicious prosecution claim brought either under § 1983 or pursuant to New Jersey law." *Moore v. Carteret Police Dept.*, 254 F. App'x 140, 142 (3d Cir. 2007). Accordingly, a district court may grant summary judgment in a malicious prosecution claim if the evidence, when viewed in the light most favorable to the

plaintiff, would not reasonably support a finding that the officers lacked probable cause. *See Sherwood v. Mulvihill*, 113 F.3d 396, 401 (3d Cir. 1997).

A "grand jury indictment or presentment constitutes prima facie evidence of probable cause to prosecute,…" *Camiolo v. State Farm Fire and Cas. Co.,* 334 F.3d 345, 363 (3d Cir. 2003) (quoting *Rose v. Bartle,* 871 F.2d 331, 353 (3d Cir.1989)). Even where the accused is acquitted, or his conviction is later reversed, an indictment serves to defeat a malicious prosecution claim. *See* Restatement (Second) of Torts § 664 (1977) ("The indictment of the accused by a grand jury is evidence that the person who initiated the proceedings had probable cause for initiating them."). To defeat a motion for summary judgment and overcome prima facie evidence of probable cause, a plaintiff must point to evidence that the grand jury indictment "was procured by fraud, perjury or other corrupt means." *Camiolo,* 334 F.3d at 363. Here, Outen was indicted by a Bergen County Grand Jury on December 2, 2002, indictment number 02-12-2827-I. Defendants argue that they are entitled to summary judgment because Plaintiffs have offered no evidence of "fraud, perjury or other corrupt means" to rebut this prima facie evidence of probable cause.[3]

---

[3] Defendants also argue that the circumstances of Plaintiff Outen's arrest establish probable cause as a matter of law. Because the Court grants Defendants' motion based on the grand jury indictment, this issue need not be decided. The Court notes, however, that the Supreme Court has spoken on a similar issue, holding that a large quantity of drugs found in the backseat area of a car is sufficient basis to arrest front-seat passengers, because a reasonable officer could conclude that there was probable cause to believe that any of those occupants "had knowledge of, and exercised dominion and control over, the [drugs]." *Maryland v. Pringle*, 540 U.S. 366, 373 (2003) (the "quantity of drugs and cash in the car indicated the likelihood of drug dealing, an enterprise to which a dealer would be unlikely to admit an innocent person with the potential to furnish evidence against him"); *See Cox v. Pate*, 283 F. App'x 37, 40 (3d Cir.2008) ("Based on the contraband recovered.., we agree with the District Court that there was probable cause to arrest [defendant], who was one of the occupants of the hotel room"); *Walker v. City of Trenton*, Civ. No. 11-7231, 2013 WL 353346, *6 (D.N.J. Jan. 29, 2013) (granting motion to dismiss malicious prosecution claim and finding probable cause as a matter of law to arrest all occupants of premises based on the quantity of drugs found inside).

Plaintiffs attempt to establish Defendants' fraud or corrupt means in order to demonstrate a genuine issue of fact, but they offer only conclusory assertions of wrongful conduct based on the prosecutor's suppression brief after remand. Thus, the only evidence before the Court to rebut Defendants' prima facie showing is the prosecutor's 2010 brief in opposition to Outen's motion to suppress, prepared about eight years after Outen's 2002 arrest, stating that Outen lacks standing to suppress evidence because he did not have a "proprietary or possessory" interest in the seized items. Plaintiffs have not alleged the content of this evidence purportedly withheld from the grand jury in 2002, merely assuming that there must be such evidence based on the prosecutor's position, and that the Defendants, including Officer Mullen, should have disclosed such evidence. In Opposition, they state: "Defendant, James Mullen, who testified before the Bergen County Grand Jury, was under a legal obligation to present not only evidence of guilt but also exculpatory evidence to the Bergen County Grand Jury, and by failing to do so tainted the Grand Jury proceedings leaving ineffectual the presumed probable cause for the underlying Indictment." (Pls.' Br. in Oppn. to Mot. for Summ. J. 13).

Mere allegations of wrongful conduct before the grand jury, without specifically identifying evidence that was offered by corrupt means, fails to rebut the presumption of probable cause provided by a grand jury indictment. *Camiolo*, 334 F.3d at 363; *Miles v. Cnty. of Camden*, Civ. No. 04-03461, 2006 WL 3780788, *8 (D.N.J. Dec. 20, 2006) (granting summary judgment on malicious prosecution claim where only evidence plaintiff offered to rebut grand jury indictment were vague assertions that defendants withheld exculpatory evidence and falsified affidavits); *Johnson v. De Proso*, Civ. No. 08-1813, 2010 WL 5466255, *3-4 (D.N.J. Dec. 30, 2010) (same); *see also Savino v. City of New York*, 331 F.3d 63, 73 (2d Cir. 2003) (reversing the district court and granting summary judgment for defendants because "[i]n order

9

to survive a motion for summary judgment on the malicious prosecution claim, [plaintiff] must have submitted evidence sufficient for a reasonable jury to find that his indictment was procured as a result of police conduct undertaken in bad faith… [whereas Plaintiff submitted] mere 'conjecture' and 'surmise' …."); cf. *McClellan v. Smith,* 439 F.3d 137, 146 (2d Cir. 2006) (finding summary judgment not warranted because plaintiff specifically claimed instances of wrongful conduct, consisting of evidence that the investigator lied, was intoxicated while performing the investigation, and that other officers gave three contradictory versions of events).

Here, other than bare allegations of withheld evidence purportedly established by the prosecutor's brief, the record in this is entirely devoid of evidence that would support Plaintiffs' allegation that the indictment was secured by "fraud, perjury or other corrupt means."[4] Moreover, a prosecutor's argument that a defendant lacks standing to challenge a seizure in no way suggests withheld evidence. In a motion to suppress, the criminal defendant has the burden to prove a Fourth Amendment interest in contraband that was allegedly seized without probable cause. *Rakas v. Illinois*, 439 U.S. 128, 131 n.1 (1978). "A prosecutor may simultaneously maintain that a defendant criminally possessed the seized goods but was not subject to a Fourth Amendment deprivation, without legal contradiction." *United States v. Salvucci*, 448 U.S. 83, 90 (1980). Consequently, the prosecutor's position on standing in a suppression brief almost eight

---

[4] Although not alleged in either his Complaint or his brief in opposition to summary judgment, during his deposition, Outen claimed that Reeds exonerated him. Specifically, Outen alleged that, upon the officer's discovery of the drugs, Reeds "express[ed] to [the officers] verbally that me and my brother did not have no acknowledge [sic] of the drugs in the car." (Defs.' Br. in Supp. of Mot. for Summ. J. Ex. B [hereinafter "Outen Dep."] 26:6). Reeds, however, denied possession of the drugs at trial. Regardless, Outen admits that the police provided this statement to the prosecutor: "Yes, and Lisa [the prosecutor] had that statement, too, that comments from the arresting officer ...." (Outen Dep. 26:19). Although it is far from clear, if this is the evidence Plaintiffs are alleging was withheld, by Outen's own admission, Police Officer Mullen did not withhold this information, but told the prosecuting attorney. Thus, Plaintiffs fail to allege that Defendant Officer Mullen and the Police Department engaged in any wrongful conduct. *See Mut. Med. Plans, Inc. v. Cnty. of Peoria*, 309 F. Supp. 2d 1067, 1081 (C.D. Ill. 2004) ("The Plaintiffs' do not cite, nor is the Court aware of any case in which a malicious prosecution claim against the investigating officer has survived summary judgment when the record reflects that the investigator disclosed all the fruits of his investigation to the prosecutor.").

years after the grand jury indictment has no probative value as to whether Defendant James Mullen or the Bergen County Police Department engaged in wrongful conduct before the grand jury.

Finally, even if Plaintiffs had offered some evidence to support their allegation that Defendant Officer Mullen withheld exculpatory evidence from the jury, it would not overcome the presumption of probable cause. The Third Circuit has held that a prosecutor's failure to present allegedly exculpatory evidence to the grand jury is not "fraud, perjury or other corrupt means" sufficient to rebut the presumptive effect of a grand jury indictment and defeat a motion for summary judgment in a malicious prosecution claim. *Camiolo v. State Farm Fire & Cas. Co.*, 334 F.3d 345, 363 (3d Cir. 2003) ("[Plaintiff] may argue that he has rebutted this prima facie evidence by pointing out that exculpatory evidence was not presented to the grand jury, that position is not persuasive ...."). The *Camiolo* Court held that, based on Supreme Court precedent, "courts have no authority to prescribe a rule which would require a prosecutor to present exculpatory evidence to a grand jury." *Id*. (citing *United States v. Williams*, 504 U.S. 36, 51 (1992)). Similarly, the New Jersey Supreme Court has held that "only in the exceptional case will a prosecutor's failure to present exculpatory evidence to a grand jury [] constitute grounds for challenging an indictment." *State v. Hogan*, 144 N.J. 216, 239 (1996) (finding prosecutor's failure to present victim's recantation to grand jury did not taint indictment).

Defendants produced evidence, a grand jury indictment, sufficient to make a prima facie showing that Plaintiffs cannot meet an element of their cause of action: the absence of probable cause. Providing mere allegations of wrongful conduct, Plaintiffs have failed to come forward with any evidence that the indictment was procured based on Defendants' "fraud, perjury or corrupt means," which is necessary to establish a genuine issue of material fact as to probable

cause. In the absence of any wrongful conduct as to the grand jury indictment, Plaintiffs cannot show that Outen was arrested without probable cause, or for any reason other than the fact that he was traveling in car that contained sixteen bricks of heroin.

Similarly, Plaintiffs' *Monell* claim against the Police Department arising out of the same conduct cannot survive summary judgment. Plaintiffs bears the burden of proving that a municipal policy or practice was the proximate cause of the injuries suffered. *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir.1990). Plaintiffs have offered no evidence of a policy or practice of illegal conduct, thus, summary judgment is appropriate because they cannot establish that municipal custom was a proximate cause of the harm. *See Jones v. Dalton*, 867 F. Supp. 2d 572, 587 (D.N.J. 2012).

## V. CONCLUSION

For foregoing reasons, Defendants' Motion for Summary Judgment is granted. An appropriate Order follows.

s/ **Faith S. Hochberg**_____
**Hon. Faith S. Hochberg U.S.D.J.**